UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES W. CHURCHILL, JR., )
)
    Plaintiff, ) Civil Action No. 3:19-CV-684-CHB
)
v. )
) **MEMORANDUM OPINION**
AMIN FAMILY MEDICAL CTR. et al., )
)
    Defendants. )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on initial review of Plaintiff James W. Churchill, Jr.'s *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

**I.**  **Summary of Claims**

Plaintiff filed this action on a "Complaint for a Civil Case" form [R. 1] and attached additional pages of claims [R. 1-1] and exhibits [R. 1-2; R. 1-3; R. 1-4]. As Defendants, Plaintiff names Amin Family Medical Center and "The Doctors, 'A[]min, and Kalpana Rangaswany,' and the associates staff, (The ones whom waited on me on the days of Monday, 09-09-2019- Tuesday, 09-10-2019 and Wednesday, 09-12-2019)." [R. 1-1 Page ID #: 9] On the form, Plaintiff marks that this Court's jurisdiction is based upon diversity of citizenship, but elsewhere, he asserts violations of his federal civil rights pursuant to 18 U.S.C. §§ 242 and 245, and 42 U.S.C. § 1983.[1]

Plaintiff alleges that on September 9, 10, and 12, 2019:

---

[1] Plaintiff attaches a "Violation Warning" form, which references 18 U.S.C. §§ 242 and 245 and 42 U.S.C. § 1983, and which asserts that Defendants "violated my rights by pushing Non-Needed Medical Test, to gain from my insurances" [R. 1-4].

> I was completely refused my Medical services. The Doctor and the staff at this location wanted to give me all types of medical exams, and tests that I did not need. All of these program tests were un-nesseccary, when all I wanted was my shoulder evaluation due to my job wanted to know from a physician, or Doctor if I was medically able to work as in my left shoulder.

[R. 1-1 Page ID #: 9]. Additionally, Plaintiff claims:

> I lost my job because I only had three days to get my left shoulder evaluated from a physician. I gave the worker at the entrance window, the paper from General Electric Appliance Park, whom was going to hire me under the Doctors reply that I was able to go to work or not. Instead of evaluating my shoulder.
>
> . . . .
>
> My medical civil rights were violated by this firm of medical practitioners, by conspiracy as a combination of two or more persons acting in concert to commit an unlawful act. Which is the principle element of which is an agreement between two parties to inflict a wrong against or injury upon another, and an overt act that results in damages, which is under the Federal Civil Rights Statues.

[*Id.* at Page ID #: 10] He further alleges that at the medical office he "was shouted at, disrespected, treated like an animal as cattle. They use you, a human, as a slave to extort money from you." [*Id.*]

As relief, Plaintiff claims: "The damages I incurred are: Lost of my job, loss of pay at $14.00 to $20.00 dollars an hour, Emotional Stress, Insults, Snubbed, Harassment, Mockery, Dissing, and provokedness" [*Id.* at Page ID #: 11].

## II.     Standard of Review

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330–1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606–07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes[.]" *Douglas*, 150 F.3d at 607 (citing 28 U.S.C. §§ 1331, 1332).

### A. Diversity Jurisdiction

The diversity jurisdiction statute, in pertinent part, provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." *See* 28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Here, although Plaintiff asserts diversity jurisdiction, he does not allege that he and Defendants are diverse in citizenship but, instead, indicates that they are all located in Kentucky. Accordingly, Plaintiff fails to meet his burden of invoking this Court's diversity jurisdiction.

B.  **Federal Question Jurisdiction**

Under the federal question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

While Plaintiff asserts claims under 18 U.S.C. §§ 242 and 245, those are criminal statutes that create no private right of action. *See Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018), *cert. denied*, 139 S. Ct. 1178 (2019) (finding that none of the federal criminal statutes referenced by plaintiff—18 U.S.C. §§ 241, 242, 245, and 1346—provide private causes of action) (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). Those criminal statutes, therefore, fail to provide a basis for this Court's federal question jurisdiction.

Plaintiff, however, also alleges violations under 42 U.S.C. § 1983, which does support this Court's federal question jurisdiction. Nevertheless, Plaintiff fails to state a claim for relief under that statute.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Section 1983 typically cannot be used to bring an action against a private entity, like Defendant Amin Family Medical Center, or private parties, like the Defendant doctors and

associates. *See, e.g.*, *Wilder v. Hall*, 501 F. Supp. 2d 887, 893 (E.D. Ky. 2007) ("Generally, a section 1983 action will not lie against a private individual."); *Van Hull v. Marriott Courtyard*, 87 F. Supp. 2d 771, 780 (N.D. Ohio 2000) ("The Marriott cannot be held liable under § 1983 because it did not, as a private entity, act under the color of state law."). Only if the alleged infringement of federal rights is fairly attributable to the state may private persons be held to be state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

"The Supreme Court in *Lugar* identified a two-part approach to the question of 'fair attribution,' effectively requiring that the action be taken (a) under color of state law, and (b) by a state actor." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). The Sixth Circuit has applied the following three tests to help determine when the *Lugar* conditions are met: "(1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test." *Lansing*, 202 F.3d at 828.

The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted). The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* Finally, under the symbiotic relationship test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.*

In this case, Plaintiff fails to allege conduct on the part of any Defendant that is fairly attributable to the state. The Court, therefore, finds that Plaintiff has failed to state a federal § 1983 claim against Defendants.

For these reasons, the Court will dismiss this action by separate Order.

This the 28th day of February, 2020.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
  Defendants
A958.005